JUAN MARRERO LASALA ET UX., Plaintiffs and Appellants, *v.* WHITE STAR BUS LINE, INC., Defendant and Appellee.

No. 7036. Argued February 11, 1937.—Decided February 26, 1937.

*Colón Gordiani & Segarra* for appellants. *C. Iriarte, F. Fernández Cuyar,* and *Héctor González Blanes* for appellee.

**40**

Mr. Justice Travieso delivered the opinion of the court.

Plaintiffs' son, Héctor Marrero, a child ten years old, was run over and killed by a motorbus belonging to the defendant and being driven at the time of the accident by one of its employees. The plaintiffs alleged that the accident was due to the negligence of the defendant's employee, which negligence consisted (a) in that the chauffeur was driving the motorbus carelessly and paying no attention to the requirements of the traffic, but, on the contrary, that he was looking backwards and was joking with the passengers in the motorbus; and (b) in that at the moment that the motorbus collided with the child the chauffeur did nothing to control the vehicle in order to save the life of the child, but on the contrary, he threw up his hands abandoning the driving-wheel, and allowed the motorbus to continue on its way and to run over the child.

The plaintiffs claim the sum of $10,000 as damages for the loss of the services of the child and $15,000 for the moral, mental, and physical sufferings that the plaintiffs have sustained by reason of the loss of their son.

The defendant in its answer, after specifically denying the essential averments of the complaint, set up as a defense that the accident was due exclusively to the negligence of the deceased child; that at the time the motorbus was going from San Juan to Barrio Obrero, there were two small boys playing on the edge of Borinquen Avenue; that when the motorbus reached that place, the two boys suddenly left the curb and attempted to cross the avenue in front of the vehicle; that the elder of the two boys did so successfully, but that the younger one was caught by the motorbus; that the latter boy attempted to cross the avenue running and without looking to either side when the vehicle was very near him; that for that reason the driver was unable to avoid the accident in spite of the fact that he applied the brakes and stopped the vehicle suddenly; that the accident was a fortuitous and unavoidable one; that even assuming that there existed neg-

ligence chargeable to the defendant, still the contributory negligence of the minor was also the proximate and direct cause of the accident.

After a trial was had, the district court rendered judgment for the defendant and the plaintiffs appealed. They have assigned as an only error the weighing of the evidence by the lower court.

We have carefully examined the evidence introduced by both parties. There is no controversy as to the manner in which the accident occurred. All the witnesses agree that the motorbus was traveling at a moderate rate of speed and that the children suddenly ran·from the place where they were and attempted to cross the street in front of the moving vehicle. The evidence as a whole shows some essential discrepancies as to the conduct of the driver just before the accident, and as to his actions immediately after he realized that he had run over the child. All the witnesses for the plaintiff assert that the chauffeur was inattentive and had his face turned to a passenger sitting on his right; and all the witnesses for the defendant deny that fact. The trial court resolved the conflict by holding that even if credit were given to the statements of the witnesses for the·plaintiff, the result would still be favorable to the defendant, because it having·been admitted that the children approached the bus from the right-hand side, the driver then was in a better position to see them than if he had been looking in front or to the left.

The plaintiffs' witnesses testified that as soon as the child was struck by the bumper of the motor bus, the driver threw up his hands and left the vehicle uncontrolled. The defendant's witnesses admitted that. it was true that the driver threw up his hands, but that he did so after the accident had occurred, after he ·had stepped off the motorbus, and upon seeing the child laying on the pavêment. The lower court, in the exercise of its discretionary power to weigh the evidence,. to pass upon the credibility of the witnesses,

and to adjust any conflict arising from the inconsistent testimony, held thus:

"The theory of the defendant to the effect that the chauffeur threw up his hands upon seeing the injured child laying under the motorbus appears to us to be more reasonable, as really this is a common way to show amazement or despair upon seeing a mishap of this nature."

It has not been claimed that the trial court rendered its judgment moved by passion or prejudice, or that it acted with partiality. And we do not find in the record any basis to hold that such a manifest error has been committed as would warrant a reversal of the judgment.

For the reasons stated the judgment appealed from must be affirmed.

Mr. Justice Wolf took no part in the decision of this case.